UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA W. H., | ) |
| | ) |
| Plaintiff, | ) No. 18 C 2078 |
| | ) |
| v. | ) Magistrate Judge M. David Weisman |
| | ) |
| NANCY A. BERRYHILL, Deputy | ) |
| Commissioner for Operations, | ) |
| performing the duties and functions | ) |
| not reserved to the Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Angela W. H. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff applied for benefits on September 24, 2014, alleging a disability onset date of September 30, 2009. (R. 90-92.) Her application was denied initially and on reconsideration. (R. 90, 134.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on December 8, 2016. (*See* R. 12-57.) In a decision dated April 28, 2017, the ALJ found that plaintiff became disabled on January 9, 2016 but had not been disabled before that date. (R. 140-51.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 142.) At step two, the ALJ determined that plaintiff has the severe impairments of "vascular insult to the brain (stroke), chronic kidney disease, and degenerative disc disease of the lumbar spine." (R. 143.) At step three, the ALJ found that plaintiff's impairments

do not meet or medically equal the severity of a listed impairment. (R. 144.) At step four, the ALJ found that, prior to January 9, 2016, plaintiff could perform her past relevant work as a senior data entry operator, and thus was not disabled, but she became disabled, pursuant to the SSA's medical-vocational guidelines, as of January 9, 2016. (R. 149-51.)

Plaintiff contends that the ALJ erred in rejecting the opinion of plaintiff's treating physician, Dr. Bibbs. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Among other things, Dr. Bibbs opined that plaintiff can sit and stand/walk for less than two hours of an eight-hour workday, would need to take breaks every twenty minutes, can rarely lift up to ten pounds, cannot use her right hand and arm at all to finger or reach overhead, can only sit for thirty minutes at a time, and can only walk for five minutes at a time. (R. 1231-33.) The ALJ gave "little weight" to Dr. Bibbs's opinion because:

> [I]t is not supported by her treatment notes. She specializes in family medicine. She first saw the claimant in 2000 and sees her every one to three months. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. The doctor did not have the benefit of reviewing the other

3

> medical reports contained in the record. The opinion expressed is quite conclusory, providing little explanation of the evidence relied on in forming that opinion.

(R. 148.)

The ALJ does not, however, identify the treatment notes that contradict the doctor's opinions or those that suggest Dr. Bibbs relied uncritically upon plaintiff's reports of her own limitations. The ALJ also does not identify the "other medical reports" to which Dr. Bibbs lacked access, and as defendant admits, the record shows that Dr. Bibbs regularly received reports from plaintiff's other treaters. (*See* Def.'s Mem. Supp. Mot. Summ. J., ECF 30 at 6 ("Plaintiff is correct when she notes that Dr. Bibbs did have access to many of the other medical reports in the record . . . ."); R. 558, 565, 572, 600, 629, 634, 637, 650, 657, 662, 669, 678, 687, 694, 704-05, 740-42, 820, 826, 830, 844, 928, 932, 942, 954, 1072, 5736-42.) Finally, the ALJ cannot fault Dr. Bibbs for failing to list on the function report the evidence on which her opinions are based because the form does not ask her to do so. (*See* R. 1231-34.) Rather, it asks the doctor to "[a]ttach relevant treatment notes, radiologist reports, laboratory and tests results as appropriate." (R. 1231.) The ALJ's failure to identify specifically the evidence that contradicts Dr. Bibbs's opinions renders the Court unable to engage in meaningful review of the ALJ's decision. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (stating that the court must be able to "trace the path of the ALJ's reasoning") (quotations and citations omitted); *see also Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (stating that "ALJs [must] sufficiently articulate [their] assessment of the evidence to assure us that [they] considered the important evidence" and must "build an accurate and logical bridge from the evidence to [their] conclusion[s] so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review.")

(quotations omitted).  Accordingly, this case must be remanded for a more thorough analysis of Dr. Bibbs's opinion.[1]

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [29], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                               **ENTERED:  March 19, 2019**


_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**

---

[1] Plaintiff raised other issues in her opening brief but devotes her entire reply brief to the ALJ's rejection of Dr. Bibbs's opinion.  (*See* Pl.'s Reply Br., ECF 33.)  Thus, the Court deems her to have abandoned her other arguments.